UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GREENCITY DEMO, LLC                                                                Plaintiff

v.                                                                  Civil Action No. 3:19-cv-146-RGJ

WOOD ENVIRONMENT &                                                               Defendants
INFRASTRUCTRUE SOLUTIONS, INC.,
ET AL.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff GreenCity Demo, LLC ("GreenCity") moves to amend the Court's scheduling order to allow substitution of its expert witness. [DE 81]. Defendant D.H. Griffin Wrecking Co., Inc. ("Griffin") responded and moved to strike GreenCity's expert witness list and for attorneys' fees. [DE 82]. GreenCity Responded. [DE 85]. These matters are ripe. For the reasons below, the Court **DENIES** GreenCity's Motion to Amend Scheduling Order [DE 81], **GRANTS** Griffin's Motion to Strike [DE 82] and **DENIES** Griffin's Motion for Attorneys' Fees.

**I.      BACKGROUND**

GreenCity sued Defendants Wood Environment & Infrastructure Solutions, Inc., Griffin, John Wood Group, PLC, and The Winter Construction Company ("Defendants") in February 2019 for breach of contract, tortious interference with contract, tortious interference with prospective business advantage, promissory estoppel, civil conspiracy, fraud, and misrepresentations and material omissions. [DE 1].

The Court's Scheduling Order, entered April 2021, required GreenCity's Rule 26(a)(2) expert disclosures "no later than April 25, 2022." [DE 58 at 375]. GreenCity stated they searched for an expert from August 2021 to April 2022, and Mitchell Walker ("Walker") "verbally agreed

1

to serve as an expert witness during the first week of April, 2022." [DE 81 at 431]. The evening of the deadline, April 25, GreenCity filed an "Expert Witness List" identifying Walker as its expert and briefly explaining his area of expertise. [DE 70]. The disclosure included no other information or Fed. R. Civ. P. 26(a)(2) compliance. [*Id.*]. Walker resigned as GreenCity's expert "on or about May 4" because "serving as an expert witness in this case might limit his ability to find employment in the future." [DE 81 at 431; DE 85 at 548]. May 9th, GreenCity notified Defendants and the Court that Walker withdrew as its expert, and the Court granted GreenCity leave until May 16 to move to extend expert deadlines. [DE 74; DE 82-1 at 445; DE 85 at 548]. GreenCity then filed this motion, requesting that the Court extend the expert witness deadlines. [DE 81]. GreenCity seeks to substitute its identified expert witness with one that is yet unidentified and explains that it has identified two prospective experts and "at least one of those prospects is promising." [DE 81 at 433].

## II. STANDARD

The parties first disagree on the applicable standard. GreenCity argues its request for amendment of the Court's Scheduling Order to substitute an expert witness should be evaluated under the "good cause" standard in Fed. R. Civ. P. 16(a)(4). [DE 81 at 431]. Griffin argues GreenCity's motion should be reviewed under the "good cause" and "excusable neglect" standard in Fed. R. Civ. P. 6(b) because the deadline for expert disclosures passed before filing the motion. [DE 82-1 at 442].[1] GreenCity responds that Griffin has "made no attempt to argue or explain why" the Court should apply the excusable neglect standard. [DE 85 at 547].

The Court's Scheduling Order provided:

---

[1] Although Counsel attached a Memorandum in support of their motion [DE 82-1], the Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum. *See* Local Rule 7.1. In the future, Counsel is advised to file a unified motion.

2

> No extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence. In the event all parties agree to extend a deadline set in this order, or a deadline contained in the Federal Rules of Civil Procedure, the parties must file a joint motion attaching the agreed order. This provision shall prevail over Joint Civil Local Rule 7.1 regarding motions to the extent inconsistent therewith.

[DE 58 at 380 (entire paragraph bolding removed from original)].

Pursuant to Fed. R. Civ. P. 6(b) and Fed. R. Civ. P. 16(b)(4), upon a timely motion, the Court may amend the Scheduling Order "for good cause and with the judge's consent." Fed. R. Civ. P. 6(b); 16(b)(4). In evaluating whether a party has shown "good cause," the primary consideration is "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); *see also* Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Fed. R. Civ. P. 6(b)(1) provides that the court may for good cause extend the time to do an act if the request is made before the original time to do the act expires. Fed. R. Civ. P. 6(b)(1).

Yet if the time to act has expired, the party must file a motion establishing that it failed to act because of excusable neglect. *Id.* at 6(b)(1)(B). The Sixth Circuit has explained that in evaluating whether a party has shown excusable neglect, the Court must balance five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

As the Court stated in its Scheduling Order, a motion made before expiration of the deadline would be subject to the good cause standard. But GreenCity's motion was not made before expiration of the deadline. The Court's Scheduling Order set the Expert Disclosure deadline for April 2022, and GreenCity's instant motion, seeking to amend the Scheduling Order to supplement their expert disclosure, was not filed until May 2022. [DE 58 at 580; DE 81]. Thus, regardless of GreenCity's argument that the reason for needing to amend was out of its control, "the time to act" had expired, and GreenCity's motion is subject to Fed. R. Civ. P. 6(b)'s good cause and excusable neglect standard. *See Am.'s Collectibles Network, Inc. v. Syndicate 1414*, No. 3:08-CV-96, 2009 WL 2929417, at *1–2 (E.D. Tenn. Sept. 8, 2009) (using Rule 6(b) to analyze motion to amend scheduling order).

Under Rule 37(c)(1), when a party fails to provide information or identify a witness as required by Rule 26(a), the party presumptively is not allowed to use that information or witness at trial unless the failure was substantially justified or harmless. *See* Fed.R.Civ.P. 37(c). Furthermore, the provision on sanctions in Rule 37 (c)(1) provides that "in lieu of this sanction of [total exclusion], the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." As such, the court retains discretion to fashion an equitable remedy that is "consonant with both the text and logic of Rule 37(c)(1)." *Roberts ex rel. Johnson v. Galen of Va.,* 325 F.3d 776, 784 (6th Cir. 2003); *see also Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir.2003) (stating that the Sixth Circuit will reverse "a court's invocation of Rule 37 sanctions only if we find an abuse of discretion").

### III.    DISCUSSION

In its analysis of good cause, GreenCity argues there are three reasons the Court should grant its motion: (1) it has shown it did not learn of the need to substitute until after the deadline for disclosure passed; (2) the length of the discovery period does not suggest a lack of diligence; and (3) GreenCity acted diligently. [DE 81 at 433]. GreenCity does not analyze excusable neglect. [*See* DE 81]. Griffin does not analyze good cause. [*See* DE 82-1]. It argues GreenCity's motion should be denied because GreenCity failed to comply with the Court's expert disclosure deadline by not supplying any of the information required by Fed. R. Civ. P. 26(a)(2)(B) and because each of the factors except control support denying GreenCity's motion. [DE 82-1 at 442-48].

The Court first considers the danger of prejudice to the non-moving party. While GreenCity responded after Griffin's motion and had ample opportunity to do so, it did not specifically respond to the prejudice factor. [*See* DE 85]. Griffin argues that Defendants would be prejudiced because this case has been pending since February 2019, and the February 2023 trial date would likely need to be rescheduled due if the Court granted GreenCity an extension on expert disclosures. [DE 82 at 448]. Griffin argues Defendants would be forced to continue to expend costs and time litigating that they would not if GreenCity had followed the Court's Scheduling Order and timely filed. [*Id.*]. The Court agrees with Griffin's analysis and finds this factor weighs against finding excusable neglect. *See, e.g.*, *Cooper v. Shelby Cnty., Tenn.*, No. 07-2283-STA-cgc, 2010 WL 1780139, at *5 (W.D. Tenn. Apr. 29, 2010) (countenancing "incur[ring] additional expense" as a prejudice marker); *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-CV-150-JMH-REW, 2017 WL 2295906, at *4 (E.D. Ky. May 25, 2017), *objections overruled sub nom. EQT Prod. Co. v. Magnum Hunter Prod. Co.*, No. 5:16-CV-150-JMH, 2017 WL 4974782

(E.D. Ky. July 19, 2017) ("Simply put, there is harm in case disruption, paired with the attendant negative effects on the non-defaulting and innocent party.").

The Court next considers the length of the delay and its potential effect on judicial proceedings. The Court again interprets GreenCity's arguments liberally. GreenCity argues either that there is no delay, because "expert discovery is ongoing" or that because it filed the motion "less than two weeks after it learned of the issue," the delay is less than two weeks. [DE 81 at 433]. Griffin argues GreenCity had over a year to comply with the expert disclosure deadline and after its disclosure failed to comply, two weeks later it notified the Court it would need to name a new expert, and then a week later it filed this motion (with leave of the Court). [DE 82-1 at 446-47]. The Court concludes there is a total three-week delay after the deadline. The deadlines imposed by courts' scheduling orders are intended to be followed, and small delays have significant impacts. Thus, Courts have found small delays weigh against finding excusable neglect. *See, e.g.*, *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-CV-00024-CHB, 2021 WL 1062553, at *16 (W.D. Ky. Mar. 19, 2021) (six days); *Blazer v. Chrisman Mill Farms, LLC*, No. 5:17-CV-430-DCR-REW, 2018 WL 1089274, at *2 (E.D. Ky. Feb. 28, 2018) ("one week—a week of unwarranted disruption and delay in the orderly progression of the case"); *and Howard v. Nationwide Prop. & Cas. Co.*, No. 06-2352 B, 2007 WL 2080548, at *2 (W.D. Tenn. July 13, 2007) (three weeks). *See also Am.'s Collectibles Network, Inc.*, 2009 WL 2929417, at *2 ("[s]uch a short window would leave little time for the Court to consider and rule upon any dispositive motions filed prior to trial."). The delay here would have an impact on the other deadlines, including the scheduled trial date and the Court's opportunity to rule on motions filed before trial. Though the length of delay factor alone is not dispositive, the Court finds it weighs against finding excusable neglect.

GreenCity's reason for the delay is unpersuasive considering the surrounding circumstances. GreenCity argues it did not know it would need to substitute its expert witness until after the deadline expired, and that it acted diligently in its search. [DE 81 at 433]. First, despite GreenCity's explanation, after filing its expert notice on the deadline, GreenCity practically immediately noticed the Court its named expert would be withdrawing. [DE 74; DE 82-1 at 445; DE 85 at 548]. And this explanation fails to include, as Griffin argues, reasoning for why GreenCity took an entire year to find an expert witness, but a replacement could be acquired within days. [DE 82-1 at 447-48]. Thus, the Court is unpersuaded by GreenCity's reason, and this factor does not favor finding excusable neglect. *See Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) ("the reason for the delay is the factor that is most critical to the excusable neglect inquiry.")

Griffin notes that "Walker's withdraw is outside of Plaintiff's control," so the Court does not further consider this factor and concludes it favors GreenCity. [DE 82-1 at 448].

Finally, the Court considers whether GreenCity acted in good-faith. GreenCity argues it acted diligently, which the Court interprets as a "good-faith" argument. [DE 81 at 433]. Griffin argues that GreenCity did not act in good faith as to its expert disclosures because its Expert Witness List contained no information about the expert opinions. [DE 82-1 at 447-78]. The Court also notes that, although GreenCity has stated it has found a new expert, it has not named them or, as of the date of the motion, formed an agreement with them. [DE 81 at 431]. And the timing, as the Court noted above, is somewhat suspect: GreenCity disclosed their expert, who practically immediately withdrew. Regardless of the Court's finding on this factor, three of the five previous factors favor a finding that GreenCity's neglect was not excusable, and the fact "[t]hat Plaintiff

may have acted in good faith does not save the day." *Bluff City Partners, LLC v. 22 N. Third, LLC*, No. 219CV02137SHLCGC, 2020 WL 13111166, at *3 (W.D. Tenn. July 2, 2020).

Three of the five factors to be considered by the court support finding GreenCity did not act with excusable neglect, and the Court thus finds. Having concluded that GreenCity's neglect was not excusable, the Court does not consider good cause. The Court **DENIES** GreenCity's Motion to Amend Scheduling Order [DE 81] and **GRANTS** Griffin's Motion to Strike [DE 82].

Griffin also argues the Court should order sanctions against GreenCity in the form of Griffin's attorney fees. Griffin cites Fed. R. Civ. P. 37(c)(1), which allows the Court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure" of a party to obey a court order to provide discovery. Litigating the present motions took minimal effort by Griffin in the larger scheme of this litigation. And Griffin will not have to incur the additional costs of conducting discovery on GreenCity's new expert. The Court believes not having expert testimony at trial is an adequate sanction here and for this reason and the others stated, elects not to award attorneys' fees to Griffin. *Roberts,* 325 F.3d 776 (a district judge retains discretion to fashion an equitable remedy that is "consonant with both the text and logic of Rule 37(c)(1)"). Thus, Griffin's Motion for Attorneys' Fees [DE 82] is **DENIED**.

## IV.  CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **THE COURT ORDERS AS FOLLOWS**:

(1) **DENIES** Plaintiff's Motion to Amend [DE 81];

(2) **GRANTS** Griffin's Motion to Strike Plaintiff's Expert Witness List [DE 82]; and

(3) **DENIES** Griffin's Motion for Attorneys' Fees [DE 82].

Rebecca Grady Jennings, District Judge
United States District Court

December 9, 2022

Copies to:    Counsel of record